IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MICROELECTRONIC INNOVATIONS, LLC | Civil Action No. 4:22-cv-988 |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| QORVO, INC. | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Microelectronic Innovations, LLC ( "Plaintiff"), for its Complaint against Defendant Qorvo, Inc., ("Defendant"), alleges the following:

## NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## THE PARTIES

2.     Plaintiff is a limited liability company organized under the laws of the State of Delaware with a registered agent at 717 North Union Street, Wilmington, DE, 19805.

3.     Upon information and belief, Defendant is a Delaware corporation and has offices and facilities across North America, Europe and Asia, including an office at 500 W. Renner Road, Richardson, TX 75080.  Upon information and belief, Defendant makes, uses, imports, offers to sell, and/or sells products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce

knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4.     This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.   Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b). Defendant is registered to do business in the State of Texas, has offices in the State of Texas, has transacted business in the Eastern District of Texas and has committed acts of direct and indirect infringement in the Eastern District of Texas.

7.   This Court has personal jurisdiction over Defendant under the laws of the State of Texas, due at least to its substantial business in Texas and in this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in the State of Texas.  This claim arises under federal law.

## BACKGROUND

### The Invention

8.     The patents asserted herein were invented by inventors employed by/obligated to assign to STMicroelectronics S.A. of France, STMicroelectronics S.r.l of Italy or STMicroelectronics N.V. of the Netherland, and/or affiliates thereof (collectively "STMicroelectronics").   U.S. Patent No(s). 7,130,594 ("the '594 patent"); 7,177,605 ("the '605 patent"); and 7,298,218 ("the '218 patent") (collectively the "Asserted Patents").  The Asserted Patents were subsequently assigned to/through STMicroelectronic International NV, of the

Netherlands, to/through France Brevets of France, and then to Plaintiff.  True and correct copies

of the Asserted Patents are attached as Exhibits A-1, B-1, and C-1, respectively.

9.      The patents resulted from the pioneering efforts of Patrick Cerisier of France

('594 and '605 patents), Andréa Panigada of Italy ('594 patent), Giovanni Cerusa of Italy ('605

patent), Mostafa Ghazali of France ('218 patent), and Jouffre Pierre-Olivier of France ('218

patent), in the area of microelectronic technology.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,130,594

10. The allegations set forth in the foregoing paragraphs are incorporated into this First

Claim for Relief.

11.     On October 31, 2006, the '594 patent was duly and legally issued by the United

States Patent and Trademark Office under the title "Power amplification device, especially with

reduced input dynamic swing, in particular for a cellular mobile telephone."

12.     Plaintiff is the assignee and owner of the right, title and interest in and to the '594

patent, including the right to assert all causes of action arising under said patent and the right to

any remedies for infringement of it.

13.     Upon information and belief, Defendant has and continues to directly infringe one

or more claims of the '594 patent by making, using, importing, offering to sell, and/or selling

products and services throughout the United States, including in this judicial district, and

introducing infringing products and services into the stream of commerce knowing that they

would be sold and/or used in this judicial district and elsewhere in the United States, specifically

one or more power amplification devices, which by way of example includes Defendant's 85-

4200 MHz Wideband Synthesizer/VCO with Integrated 6 GHz RF Mixer, identified by

Defendant as its "RFFC5072" product.  *See* Exhibit A-2; *see also*

https://www.qorvo.com/products/p/RFFC5072.  Defendant's RFFC5072 product and each of

Defendant's similarly configured devices are identified herein as the "Accused Instrumentalities".  Exhibit D hereto contains a listing of exemplary products identified from Defendant's website that are considered "Accused Instrumentalities".

14.    Exemplary infringement analysis showing infringement of at least claim 1 of the '594 patent is set forth in Exhibit A-2.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Defendant with respect to the '594 patent.  Plaintiff reserves all rights to amend, supplement and modify this preliminary infringement analysis.  Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '594 patent.

15.    The Accused Instrumentalities infringed and continue to infringe at least claim 1 of the '594 patent during the pendency of the '594 patent.

16.    Plaintiff has been harmed by the Defendant's infringing activities.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,177,605

17. The allegations set forth in the foregoing paragraphs are incorporated into this Second Claim for Relief.

18.    On February 13, 2007, the '605 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Power amplification device, in particular for a cellular mobile telephone."

19.    Plaintiff is the assignee and owner of the right, title and interest in and to the '605 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

20.    Upon information and belief, Defendant has and continues to directly infringe one or more claims of the '605 patent by making, using, importing, offering to sell, and/or selling products and services throughout the United States, including in this judicial district, and

introducing infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States , specifically one or more power amplification devices, which by way of example includes Defendant's 85-4200 MHz Wideband Synthesizer/VCO with Integrated 6 GHz RF Mixer, identified by Defendant as its "RFFC5072" product.  *See* Exhibit B-2; *see also* https://www.qorvo.com/products/p/RFFC5072.   Defendant's RFFC5072 product and each of Defendant's similarly configured devices are identified herein as the "Accused Instrumentalities".

21.     Exemplary infringement analysis showing infringement of at least claim 1 of the '605 patent is set forth in Exhibit B-2.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Defendant with respect to the '605 patent. Plaintiff reserves all rights to amend, supplement and modify this preliminary infringement analysis.  Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '605 patent.

22.     The Accused Instrumentalities infringed and continue to infringe at least claim 1 of the '605 patent during the pendency of the '605 patent.

23.     Plaintiff has been harmed by the Defendant's infringing activities.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 7,298,218**

24.     The allegations set forth in the foregoing paragraphs are incorporated into this Third Claim for Relief.

25.     On November 20, 2007, the '218 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Frequency Synthesizer Architecture."

26.     Plaintiff is the assignee and owner of the right, title and interest in and to the '218 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

27.     Upon information and belief, Defendant has and continues to directly infringe one or more claims of the '218 patent by making, using, importing, offering to sell, and/or selling products and services throughout the United States, including in this judicial district, and introducing infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States, specifically one or more of Defendant's Wideband Synthesizer/VCO with Integrated 6 GHz Mixer products, but not limited to, Defendant's exemplary RFFC5071A/2A products.  *See* Exhibit C-2; *see also* https://www.qorvo.com/products/p/RFFC5071A#overview.  Defendant's RFFC5071A/2A products and each of Defendant's similarly configured devices are identified herein as the "Accused Instrumentalities".

28.     Exemplary infringement analysis showing infringement of at least claim 31 of the '218 patent is set forth in Exhibit C-2.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Defendant with respect to the '218 patent. Plaintiff reserves all rights to amend, supplement and modify this preliminary infringement analysis.  Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '218 patent.

29.     The Accused Instrumentalities infringed and continues to infringe at least claim 31 of the '218 patent during the pendency of the '218 patent.

30.     Plaintiff has been harmed by the Defendant's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendant as follows:

A.       An adjudication that the Defendant has infringed one or more claims the Asserted Patents;

B.       An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of one or more claims of the Asserted Patents, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.       A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D.       An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Dated: November 22, 2022                    DEVLIN LAW FIRM LLC

                                            /s/_____
                                            Timothy Devlin
                                            1526 Gilpin Avenue
                                            Wilmington, Delaware 19806
                                            Telephone: (302) 449-9010
                                            Facsimile: (302) 353-4251

                                            James Lennon
                                            1526 Gilpin Avenue
                                            Wilmington, Delaware 19806
                                            Telephone: (302) 449-9010
                                            Facsimile: (302) 353-4251

                                            Alan Wright
                                            1526 Gilpin Avenue
                                            Wilmington, Delaware 19806
                                            Telephone: (302) 449-9010
                                            Facsimile: (302) 353-4251

                                            *Attorneys for Plaintiff*
                                            *Microelectronic Innovations, LLC*